## CIRCUIT COURT OF ARLINGTON COUNTY

Brown

v.

Brown

January 19, 1989

Case No. (Chancery) 34819

By JUDGE BENJAMIN N. A. KENDRICK

This matter came before the Court on Petitioner's Motion to Reconsider its decision denying Complainant's Motion for Termination of Spousal Support and Maintenance. An *ore tenus* hearing was held on June 24, 1988.

Petitioner asserts that upon the remarriage of Respondent (wife), pension payments were to stop, pursuant to the Separation and Property Settlement Agreement. The Court received evidence at the hearing that the Agreement was ambiguous as to the treatment of the pension payments and, as a result, allowed the wife to offer oral testimony as to her understanding. She testified that the pension payments were a property right. Therefore, the payments were not to automatically terminate upon remarriage. The Court was persuaded and denied the Complainant's Motion to Terminate.

The subject language appears in paragraph two, entitled Support and Maintenance of the Settlement Agreement. Petitioner argues that the language is clear and unambiguous and, therefore, must be read and understood on its face without the introduction of parol evidence. Respondent, in turn, feels the oral testimony is necessary and proper because the agreement is unclear and ambiguous.

The wife's testimony is admissible only if an ambiguity is found. "Parol evidence of prior or contemporaneous oral negotiations are generally inadmissible to alter,

contradict, or explain the terms of a written instrument provided the document is complete, unambiguous and unconditional." *Renner Plumbing v. Renner*, 225 Va. 508, 515 (1983). Respondent finds an ambiguity in paragraph two in that it refers to two different concepts, namely pension payments and spousal support.

Respondent's argument is circular. The language in paragraph two consistently refers to the payments as support and maintenance; there is no mention of property rights. Under Virginia law, "An ambiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time." *Barry v. Klinger*, 225 Va. 201, 208 (1983). Respondent finds an ambiguity only by introducing extrinsic evidence showing that the traditional treatment of pension payments is to characterize them as a property right. The language at issue does not refer to two or more things at the same time, it merely states that the pension payments are for her support and maintenance. "Parol evidence cannot be used to first create an ambiguity and then remove it." *Cohan v. Thurston*, 233 Va. 523 (1982). The plain meaning rule in Virginia requires that "the language used is to be taken in its ordinary signification . . . . If when so read, the meaning is plain, the instrument must be given effect accordingly." *Virginia Railway Co. v. Avis*, 124 Va. 711, 716 (1919).

In support of her position, respondent cites *Smith v. Smith*, 3 Va. App. 510 (1986). However, *Smith* is merely a further example of the use of parol evidence to interpret a phrase possible of two different meanings. In *Smith* the Court had to assign meaning to the phrase "Beneficiary shall be entitled to receive all cash distributions earned or accrued." In response to an argument to limit the understanding merely to "profits," the Court received oral testimony to explain that such phrase also applied to cash distributions resulting from a refinancing.

Respondent makes mention of the traditional treatment of pension payments. However, as was done in this case, the parties are free to contract or stipulate that such payments are to be treated as support and maintenance (Virginia Code Section 20-109). The characterization was given effect in *Woolley v. Woolley*, 3 Va. App. 227 (1986).

Respondent's argument that no termination date is provided can be dismissed by statute. Virginia Code Section

20-109 provides that spousal support shall terminate upon the death or remarriage of the spouse receiving support.

In conclusion, parol evidence should not be allowed to be introduced in respondent's behalf. The agreement unambiguously refers to the pension payments as support and maintenance. The meaning of such terms must be given their plain and ordinary meaning. Accordingly, the petitioner's motion to terminate spousal support and maintenance is granted.